UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DERRICK STALEY and NEVAEH STALEY,
                Plaintiff(s)

                                             Docket No.: 22-CV-00620-JLS-JJM

   -against-

THE CITY OF BUFFALO et al,
                Defendant(s)

---

## MOTION TO QUASH

TO:     RUPP PFALZGRAF LLC
          R. ANTHONY RUPP III, ESQ.
          CHAD A. DAVENPORT, ESQ.
          TIMOTHY P. NOONAN, JR., ESQ.
          1600 LIBERTY BUILDING
          BUFFALO, NEW YORK 14202

PLEASE TAKE NOTICE, that upon the papers annexed hereto, non-party Erie County District Attorney's Office moves for an order pursuant to Rule 45 of the Federal Rules of Civil Procedure quashing the parts of plaintiff's subpoena which seek discovery of medical records of a non-party, and further seeks an order requiring the plaintiffs to enter into a stipulation of confidentiality concerning 911 records.

Non-party Erie County District Attorney's Office intends to file sur-reply papers.

Dated:    Buffalo, N.Y.
           November 4, 2024

                                                    MICHAEL J. KEANE
                                                    ACTING DISTRICT ATTORNEY

                                           By:   PAUL J. WILLIAMS, III
                                                   Assistant District Attorney
                                                   Erie County District
                                                    Attorney's Office
                                                   25 Delaware Avenue
                                                   Buffalo, New York 14202
                                                   (716) 858-2422
                                                   Paul.williams@erie.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DERRICK STALEY and NEVAEH STALEY,

                Plaintiff(s)

                Docket No.: 22-CV-00620-JLS-JJM

-against-

THE CITY OF BUFFALO et al,
                Defendant(s)

---

## NON-PARTY ERIE COUNTY DISTRICT ATTORNEY'S OFFICE'S MEMORANDUM OF LAW

In accordance with Local Rule 7(a)(2), non-party Erie County District Attorney's Office ("ECDA") respectfully submits this Memorandum of Law in support of their motion pursuant to Rule 45 of the Federal Rules of Civil Procedure to quash a subpoena and to require the plaintiffs to enter into a stipulation of confidentiality.

## PRELIMINARY STATEMENT

This motion to quash seeks an order determining whether a non-party's medical records should be produced in response to the plaintiffs' subpoena and, if so, whether their production should be subject to any protective order under Federal Rule of Civil Procedure 26(c). This motion also seeks to require the plaintiffs to enter into a stipulation of confidentiality regarding 911 records. ECDA is concerned about potential liability from improper disclosure of the non-party's medical records as well as the 911 records.

ECDA submits that if subpoena compliance is ordered by the Court, a protective order should be issued such that the materials are used only for litigation purposes and are not disseminated to third parties.

## FACTUAL BACKGROUND

Pursuant to Local Rule 7(a)(3), non-party ECDA respectfully refers the Court to the affidavit of counsel for a statement of the facts pertinent to this submission.

## DISCUSSION

### Standing

Although not a party to this action, ECDA has standing to move to quash because it is the entity to whom the subpoena was directed. *See, Tavares v. Lawrence & Memorial Hospital*, 2012 WL 4321961, *4 (D. Conn. 2012).

### Medical Records

Plaintiffs served non-party ECDA with a subpoena for "All documents, transcripts, and notes relating to the case People of the State of New York v. Derrick T. Staley, case number CR-02183-22." Among the materials in the possession of ECDA are the complainant's medical records and 911 records.

In cases involving a federal question, state privilege laws like New York's physician-patient privilege contained in New York C.P.L.R § 4504(a) do not apply. *Equal Employment Opportunity Commission v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 122 (W.D.N.Y. 2009). "That said, [individuals] do maintain privacy

interests in their medical records due to the sensitive nature of the information contained therein." *Id.* A protective order issued in accordance with Rule 26(c) of the Rules of Civil Procedure "may forbid disclosure altogether, or, among other measures, 'limit[] the scope of disclosure or discovery to certain matters." *Id.*

Here, the plaintiffs do not seem to dispute the extent of the injuries suffered by the complainant in the dismissed state criminal case. They acknowledge in the First Amended Complaint and Jury Demand that police body camera footage depicts the complainant "bleeding and hunched over in pain." (Document 11, paragraph 47). It appears the plaintiffs are challenging the complainant's explanation as to the source of the injuries.

The plaintiffs have not stated why they are entitled to the complainant's medical records. That the plaintiffs have filed a federal lawsuit does not allow them to obtain the complainant's medical records. Because the complainant has privacy interests in their medical records, and because the plaintiffs do not seem to be challenging the extent of the complainant's injuries, disclosure of the complainant's medical records should be denied. If disclosure is ordered by the Court, a protective order should be issued such that the medical records are used only for litigation purposes and are not disseminated to third parties. If the medical records are needed by the Court in connection with this motion, the People request that they be permitted to file them under seal for an in camera inspection.

## 911 Records

Among the materials that fall within the plaintiffs' subpoena are 911 records. ECDA requests that this Court require the parties to enter into a stipulation of confidentiality regarding 911 records. *See, Huard v. Whelan*, 2007 WL 9777765, *2 (W.D.N.Y. 2007). If the 911 records are needed by the Court in connection with this motion, the People request that they be permitted to file them under seal for an in camera inspection.

## **CONCLUSION**

For the foregoing reasons, non-party ECDA respectfully requests that this Court grant ECDA's motion to quash disclosure of the complainant's medical records. In the event that this Court grants disclosure, ECDA requests a protective order limiting the use of the complainant's medical records to litigation purposes only, and that such materials not be disseminated to third parties. ECDA also requests that this Court require the parties to enter into a stipulation of confidentiality regarding the 911 records.

Dated:  Buffalo, N.Y.
        November 4, 2024

                                         MICHAEL J. KEANE
                                         ACTING DISTRICT ATTORNEY

                                 By:     PAUL J. WILLIAMS, III
                                         Assistant District Attorney
                                         Erie County District
                                          Attorney's Office
                                         25 Delaware Avenue
                                         Buffalo, New York 14202
                                         (716) 858-2422
                                         Paul.williams@erie.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DERRICK STALEY and NEVAEH STALEY,   **AFFIDAVIT**
                Plaintiff(s)
                                             Docket No.: 22-CV-00620-JLS-JJM
      -against-

THE CITY OF BUFFALO et al,
                Defendant(s)

---

STATE OF NEW YORK    )
COUNTY OF ERIE        )
CITY OF BUFFALO     )

        PAUL J. WILLIAMS III, being duly sworn, deposes and says:

        1.     Your deponent is an attorney duly admitted to the practice of law in the State of New York, and before the United States District Court for the Western District of New York.

        2.     Your deponent is an Assistant District Attorney, appearing of counsel to MICHAEL J. KEANE, Acting District Attorney of Erie County, a non-party in this civil lawsuit.

        3.     Your deponent make this Affidavit in support of non-party Erie County District Attorney's Office's ("ECDA") motion pursuant to Rule 45 of the Federal Rules of Civil Procedure to quash said subpoena, and to require plaintiffs to enter into a stipulation of confidentiality.

        4.     Unless otherwise stated herein, this Affidavit is made upon information and belief, the source of which is your deponent's investigation of the confidential file of the District Attorney's Office and a reading of a subpoena duces tecum served upon non-party ECDA by the plaintiffs.

5. In a subpoena dated October 1, 2024, plaintiffs sought records from ECDA concerning a 2022 criminal case in state court against plaintiff Derrick Staley that was ultimately dismissed. (Exhibit 1).

6. Plaintiffs provided a consent to release signed by plaintiff Derrick Staley because ECDA's records were sealed as a result of the dismissal. (Exhibit 2). The consent facilitated disclosure of records in the possession of ECDA.

7. In an email received November 4, 2024, plaintiffs agreed that ECDA does not have to provide a copy of plaintiff Derrick Staley's criminal history report. (Exhibit 3).

8. Non-party ECDA moves to quash the subpoena to the extent it seeks medical records of the complainant in the dismissed state criminal case, and requests that this Court require the parties to enter into a confidentiality stipulation regarding 911 records from the state criminal case.

WHEREFORE, non-party ECDA respectfully requests that this Court grant ECDA's motion to quash disclosure of the complainant's medical records and, in the event that this Court grants disclosure, ECDA requests a protective order limiting the use of the complainant's medical records to litigation purposes only and that such materials not be disseminated to third parties, and further requests that this Court require the parties to enter into a stipulation of confidentiality regarding the 911 records.

PAUL J. WILLIAMS, III
Assistant District Attorney

Subscribed and sworn to before me
this 4th day of November, 2024.

KRISTY A. DULAK
Notary Public, State of New York
Qualified in Erie County
My commission expires on 08/27/2025.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DERRICK STALEY and NEVAEH STALEY,
                Plaintiff(s)

                                                Docket No.: 22-CV-00620-JLS-JJM

-against-

THE CITY OF BUFFALO et al,
                Defendant(s)

---

## DECLARATION OF SERVICE

        Pursuant to 28 USC §1746, I Kristy A. Dulak hereby declare, under penalty of perjury under the laws of the United States of that the following is true and correct. Deponent is not a party to the action is over 18 years of age and resides at 25 Delaware Avenue, 7th Floor, Buffalo, New York 14202. That on November 4, 2024, deponent served the within:

**MOTION TO QUASH**

upon:    RUPP PFALZGRAF LLC
           R. ANTHONY RUPP III, ESQ.
           CHAD A. DAVENPORT, ESQ.
           TIMOTHY P. NOONAN, JR., ESQ.
           1600 LIBERTY BUILDING
           BUFFALO, NEW YORK 14202

at the last known address designated by them for that purpose by depositing a true copy of same enclosed by depositing a true copy of same, securely enclosed in a postpaid wrapper, in a post office box regularly maintained by the United States Postal Service at the Erie County Hall in the City of Buffalo, New York in the above-captioned matter.

Dated:    Buffalo, New York
            Thursday, November 4, 2024

                                                        KRISTY A. DULAK

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of New York

| | |
|---|---|
| Derrick Staley, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 22-CV-00620 |
| ) | |
| The City of Buffalo, et al. ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Erie County District Attorney's Office
         25 Delaware Ave, Buffalo, NY 14202

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents, transcripts, and notes relating to the case People of the State of New York v. Derrick T. Staley, case number CR-02183-22.

| Place: Rupp Pfalzgraf LLC, 1600 Liberty Building, 424 Main Street, Buffalo, New York 14202. | Date and Time: 11/04/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **OCT 1 2024**

*CLERK OF COURT*

_____Mary C. Loewenguth_____          OR          _____
   *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Derrick Staley _____, who issues or requests this subpoena, are:

Matthew Gabalski, 424 Main Street #1600, Buffalo, New York 14202, gabalski@rupppfalzgraf.com, 716-854-3400

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-CV-00620

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                          *Server's signature*

                                 _____
                                          *Printed name and title*

                                 _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2

## CONSENT TO RELEASE

**TO:** Derrick Staley
6 N. Parade Avenue, Lower Apt.
Buffalo, New York 14211
(716) 480-5287

  I, Derrick Staley, hereby give consent to the Erie County District Attorney's Office to disclose any and all confidential and/or private information about me, including any records that might otherwise be withheld to protect my privacy, to my attorneys at the law firm of Rupp Pfalzgraf LLC ("Rupp Pfalzgraf"). I understand that confidential and private information maintained by the Erie County District Attorney's Office may be disclosed to Rupp Pfalzgraf, and I hereby waive the right to or interest in the confidentiality of this information that may be taken and disclosed to the public, as contemplated in this release.

  A copy or facsimile of this authorization shall have the same effect as the original. This authorization is continuing, and you may rely on it in all respects unless you have previously been advised by me in writing to the contrary.

_____
Derrick Staley

Sworn to before me this
__3__ day of February, 2023.

_____
Notary Public

JOHN FRANCIS KWIECINSKI
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
COMMISSION EXPIRES APRIL 18, 20 23
#01KW6238567

# EXHIBIT 3

**Williams III, Paul J.**

| | |
|---|---|
| **From:** | Gabalski, Matthew E. <gabalski@RuppPfalzgraf.com> |
| **Sent:** | Monday, November 4, 2024 9:17 AM |
| **To:** | Williams III, Paul J. |
| **Cc:** | Davenport, Chad A. |
| **Subject:** | Staley Consent to Release |
| **Attachments:** | Derrick Staley, Consent to Release - Erie DA (Signed & Notarized).pdf |

You don't often get email from gabalski@rupppfalzgraf.com. Learn why this is important

[**Caution**: this email is **not** from an Erie County employee: attachments or links **may not be safe**.]

Good morning,

Following up on our call from Friday, please see the attached Consent to Release form regarding all files in the possession of the Erie County District Attorney's Office. Also, withholding his criminal history from the documentation will not be an issue.

If you have any questions, feel free to give me a call.

Thanks,
Matthew


Matthew E. Gabalski
Associate


Rupp Pfalzgraf LLC
Attorneys at law

1600 Liberty Building | Buffalo, New York 14202 | 716.854.3400 ext. 230 | email | website | bio 

1